UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DARRELL McNARY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:11-cv-131-JMS-MJD |
| ) | |
| JERRY HUSTON, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

Plaintiff Daryl McNary's request to proceed *in forma pauperis* [2] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time. As explained in this Entry, however, the action filed by him must be dismissed because the complaint he has filed fails to state a claim upon which relief can be granted.

**I.**

**A.**

Darrell McNary is an inmate at an Indiana prison and in this action brought pursuant to 42 U.S.C. § 1983 claims that a disciplinary proceeding identified as No. WVE 10-06-0079 is tainted by constitutional infirmities. In the referenced proceeding, McNary was found guilty of misconduct and was sanctioned with the deprivation of a period of earned credit time. McNary seeks a declaratory judgment stating that the defendants' actions were unconstitutional, he seeks expungement of the disciplinary conviction in WVE 10-06-0079, and he seeks the award of compensatory and punitive damages.

**B.**

Because McNary is a prisoner, his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 ((7th Cir. Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 ((7th Cir. Cir. 1999). Pursuant to this statute "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

All that Rule 8 of the *Federal Rules of Civil Procedure* requires is a short and plain statement showing the plaintiff is entitled to relief, the purpose of which is to give the defendant notice of the claims and the grounds they rest upon. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163 (1993). A complaint may fail to state a claim upon which relief can be granted in one of two circumstances. First, a complaint fails to state a claim if it fails to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). While a complaint need not

contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S. Ct. at 1949; *see Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009). Second, "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *Thompson v. Illinois Dept. of Professional Regulation,* 300 F.3d 750, 753-54 (7th Cir. 2002).

## C.

As noted above, McNary seeks the restoration of good time credits. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition. See *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). McNary cannot join a habeas claim with claims seeking other relief, and the court cannot convert a civil rights action to an action for habeas corpus relief. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997); *Copus v. Edgerton,* 96 F.3d 1038 (7th Cir. 1996).

Because McNary seeks the restoration of good time, his claims must be "construed as seeking a judgment at odds with . . . [prison authorities'] calculation of time to be served in accordance with the underlying sentence." *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004). The challenge to any disciplinary proceeding here, whether direct or indirect, is premature. See *Edwards,* 520 U.S. at 643-49 (state prisoner's claim for damages and declaratory relief for Fourteenth Amendment due process violations based on procedures used in disciplinary hearing was not cognizable under 42 U.S.C. § 1983 because allegations of deceit and bias on part of hearing officer would necessarily imply invalidity of punishment).

## II.

For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue. The dismissal of the action shall be without prejudice.

**IT IS SO ORDERED.**

Date: 05/24/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana