UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DARRELL McNARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  No. 2:11-cv-00131-JMS-DKL |
| | ) |
| JERRY HUSTON, librarian, | ) |
| | ) |
| Defendant. | ) |

**ENTRY DISCUSSING MOTION FOR SUMMARY JUDGMENT**

**Background**

Presently pending before the Court is the Motion for Summary Judgment filed by Defendant Jerry Huston ("Huston") on June 18, 2013. [Dkt. 18.] The motion was served on Plaintiff Darrell McNary ("McNary") on June 20, 2013. [Dkt. 23-1.] No response was filed, and the deadline for doing so has passed. The consequence is that McNary has conceded Huston's version of the events. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(a) motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

The claims that survived screening in this case are brought pursuant to 42 U.S.C. § 1983 against Huston, the prison librarian. [Dkt. 9.] McNary claims that Huston denied him access to materials in Wabash Valley Correctional Facility's law library and that Huston denied his multiple requests for various legal documents. [Dkt. 1 ¶¶ 14, 15, 18, 29, 30.] He claims that this conduct violates his rights under the First and Fourteenth Amendments to the U.S. Constitution.

[Dkt. 1 at 3-4.] He also claims that Huston retaliated by filing a disciplinary action against him for possessing legal documents that McNary claims were authorized.

Huston's motion has challenged these claims as barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

### Facts

That following facts, unopposed by McNary and supported by admissible evidence are accepted as true: The incidents which form the basis of McNary's claim occurred between June and October of 2010. McNary only filed one grievance in 2010, and it was not appealed. The grievance process established by the Indiana Department of Correction, which applies to McNary's grievance, includes an informal complaint, a formal grievance, and a formal appeal – all of which must be followed through to completion in order for a prisoner to exhaust his administrative remedies at the facility. McNary did not appeal the only grievance he filed in 2010. [Dkts. 18-2; 18-3.]

### Discussion

*A. Standard of Review*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable

inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). Here, Huston bears the burden of demonstrating that McNary failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

Huston has met his burden of proving that McNary "had available remedies that [he] did not utilize." *Dale,* 376 F.3d at 656. Given his wholesale failure to respond, McNary has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by Huston that establish McNary's failure to pursue all steps in the grievance process. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that McNary's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.") (original emphasis).

## Conclusion

For the reasons explained above, the motion for summary judgment, [dkt. 53], is **granted**. Previously, pursuant to its screening function under the PLRA, the Court determined that the claim against Huston was the sole viable claim presented by McNary. Judgment consistent with this Entry, and dismissing all defendants, shall now issue.

**IT IS SO ORDERED.**

08/20/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

DARRELL McNARY
1106 W. Western Ave.
South Bend, IN 46601

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
Grant.Helms@atg.in.gov